[No. 11167.   Department One.—September 28, 1886.]

## JUDSON WHEELER ET AL., APPELLANTS, v. GEORGE WEST ET AL., RESPONDENTS.

INJUNCTION — RESTRAINING WORKING OF MINE — ANSWER — ALLEGATION OF CONTRACT — CONCLUSIONS OF LAW. — The action was brought to enjoin the defendants from extracting and removing ore from a certain mining claim owned by the plaintiffs. The answer averred in effect that the defendants were lawfully in possession of, and were engaged in working and mining the claim, under a contract between the plaintiffs and themselves, which entitled them to continue the working, but did not set forth the contract either *in hæc verba* or according to its legal intendment. *Held*, that the allegations of the answer were merely conclusions of law, and that evidence of the contract was inadmissible.

EVIDENCE — ORIGINAL COMPLAINT NOT ADMISSIBLE AFTER AMENDMENT. — Where an amended complaint is filed, the allegations of the original complaint are not admissible as evidence for or against the plaintiff.

LICENSE TO WORK MINE — REVOCATION — LANDLORD AND TENANT. — A verbal contract between the owner of a mine and a third person, whereby the latter is given permission to enter and work the mine if he sees fit, and to exercise his own discretion whether to work it or not, does not create the relation of landlord and tenant between the parties, but is a mere license to work which may be revoked at the will of the licensor.

APPEAL from a judgment of the Superior Court of Placer County, and from an order refusing a new trial.

The facts are stated in the opinion.

*C. A. & F. P. Tuttle*, for Appellants.

*Hale & Craig*, for Respondents.

Searls, C.—This is an action to perpetually enjoin defendants from extracting and removing gold from the mining claim of plaintiffs, situate in the county of Placer.

Defendants had judgment, from which, and from an order denying a new trial, plaintiffs appeal.

The amended complaint avers that on the twenty-eighth day of August, 1883, the defendant entered into the tunnel which penetrates the mining claims in question, and at a distance of about two thousand feet from its mouth wrongfully began to dig the gold-bearing gravel and bedrock on the sides of the tunnel, and to take gold therefrom; that plaintiffs required them to desist from so doing, which they refused to do; that they have continued such acts up to the time of the commencement of this action, and threatened to so continue; that defendants are insolvent, etc.

The answer to the amended complaint denies all wrongful acts on the part of defendants, and avers "that ever since about the fourteenth day of February, 1883, and down to, and including the first day of September, 1883, these defendants were lawfully possessed of, and were actually engaged in working and mining said part of said claim, pursuant to a contract and agreement between plaintiffs and themselves; and defendants aver that they still are, and at all times since the said first day of September have been, entitled under said contract and agreement to continue the working of said part of said claim."

Defendants justify their acts under this contract, but do not plead it except to the extent, and in the manner above quoted.

At the trial the defendants were permitted, against the objection of plaintiffs, to prove that plaintiffs and defendants entered into a verbal contract, by the terms of which defendants were permitted to enter upon, occupy and mine a portion of the Paragon mining claim, the property of plaintiffs, in consideration of the payment

to plaintiffs by the defendants of one fourth of the gross yield of gold to be derived from such mining.

The objection to the evidence under which this verbal contract was established was based upon "the ground that no contract was pleaded in the answer, and no issue raised on any contract."

A contract relied upon as a cause of action, or defense to an action, should, where opportunity is afforded, be pleaded, either *in hæc verba*, or according to its legal intendment and effect.

The attempted plea of the contract by defendant was by way of confession and avoidance of the wrongful acts charged in the amended complaint, and as pleaded amounted to no more than a conclusion of law. The objection to the evidence should therefore have been sustained.

2. At the trial the defendants offered in evidence the original complaint in this action. Plaintiffs objected on the grounds that it was irrelevant and had been superseded by an amended complaint.

The objection was overruled, the complaint admitted, and this action is assigned as error.

The error is well assigned. The original complaint had been superseded by an amended pleading, and thereafter its allegations were not admissible as evidence for or against the plaintiffs. (*Mecham* v. *McKay*, 37 Cal. 165; *Ponce* v. *McElvy*, 51 Cal. 222.)

3. The verbal contract of February 14, 1883, as found by the court and jury, under which defendants were to enter and work a certain portion of the mine if they saw fit, and to exercise their own discretion whether they worked it or not, did not create the relation of landlord and tenant between them and the plaintiffs.

The contract gave to them no greater right and had no more force in law than a verbal contract for the sale of the land would have possessed.

Their right under such a contract was not in and to

the realty, but to the gold as personalty when it should be severed from the land. Had it been in writing, it would have given to defendants merely an incorporeal hereditament, and being verbal, it operated as a license to them to dig and mine for gold within the specified limits, which license protected them from a charge of trespass while in force, but was liable to revocation at the will of the licensors.

There is a broad distinction between a lease of a mine, under which the lessee enters into possession and takes an estate in the property, and a license to work the same mine.

In the latter case the licensee has no permanent interest, property, or estate in the land itself, but only in the proceeds, and in such proceeds not as realty, but as personal property, and his possession, like that of an individual under a contract with the owner of land to cut timber or harvest a crop of potatoes thereon for a share of the proceeds, is the possession of the owner. (*Riddle* v. *Brown*, 20 Ala. 412; S. C., 56 Am. Dec. 202; *Funk* v. *Halderman*, 53 Pa. St. 229; *Gillette* v. *Treganza*, 6 Wis. 343; *Grubb* v. *Bayard*, 2 Wall. Jr. 81; *Caldwell* v. *Fulton*, 31 Pa. St. 483; *Dal* v. *Wood*, 2 Barn. & Ald. 719; *Potter* v. *Mercer*, 53 Cal. 667.)

The agreement was revocable at the will of the plaintiffs, and having been by them revoked before suit brought, plaintiffs were entitled to a recovery.

For these reasons we are of opinion the judgment and order appealed from should be reversed, and a new trial ordered, with leave to defendants to amend their answer if they shall be so advised.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are reversed and a new trial ordered, with leave to defendants to amend their answer if they shall be so advised.