[No. 9793.   In Bank. — February 16, 1887.]

## H. W. PLUMMER, RESPONDENT, v. CHESTER WOODRUFF, APPELLANT.

SCHOOL LAND — ADVERSE OCCUPATION — APPLICATION TO PURCHASE — FORM OF AFFIDAVIT. — Under section 3495 of the Political Code, an applicant for the purchase of school land in the adverse occupation of another must state in his affidavit the fact of such adverse occupation, together with the further facts that the township in which the land is situated has been sectionized three months, and that the adverse occupant has been in the occupation more than sixty days since the plat was filed in the United States land-office.   An affidavit which states that there is no occupation thereof adverse to the applicant is insufficient to confer a right to purchase.

ID. — SUFFICIENCY OF ADVERSE OCCUPATION. — At the time of the plaintiff's application to purchase, the defendant was using the land in question as a sheep pasture, and had inclosed about three fourths of it, and erected thereon a cabin and corral: *held,* that the defendant was in the adverse occupation of the land within the meaning of section 3495 of the Political Code.

APPEAL from a judgment of the Superior Court of Mendocino County.

The action was brought to determine a contest as to the right to purchase a portion of a section of school land.   The further facts are stated in the opinion of the court.

*J. M. Mannon, F. R. Williams,* and *J. W. Harding,* for Appellant.

*J. A. Cooper,* for Respondent.

McFARLAND, J. — After hearing in Bank, we are of the opinion that the conclusion reached on the former de-

| 72 | 29 |
|----|-----|
| 71 | 211 |
| 74 | 178 |
| 76 | 121 |
| 72 | 29 |
| 77 | 535 |
| 72 | 29 |
| 82 | 140 |
| 72 | 29 |
| 83 | 110 |
| 72 | 29 |
| 90 | 46 |
| 72 | 29 |
| 136 | 495 |

cision of this cause by Department One of this court is correct.

Respondent contends that Mr. Justice Ross, in delivering the opinion of the court in Department One, was mistaken in stating that the court below found the occupation of the land in contest by appellant to be adverse to respondent. But there was no such mistake. The court below does not expressly apply the word "adverse" to such occupation; but it finds facts which show it to be adverse. The findings are that appellant had about three fourths of the land inclosed; that he had on it a cabin and corral; and that he used it as a "sheep pasture." It further appears in the pleadings and findings that he filed his affidavit and application to purchase the land on the same day on which the application of the respondent was filed; that he is desirous of purchasing the land, and that he has continuously followed up his claim to purchase it, as against respondent's claim to do the same, to this court. Under such circumstances, there seems to be no doubt that his occupation was "adverse," in the sense in which that word is used in section 3495 of the Political Code. He certainly was not holding under respondent, by lease or license, or upon any terms or conditions, which would make his possession, in the eye of the law, the possession of respondent. The doctrine that the possession of land by one not claiming title himself is presumed to be in subordination to the true title, has no applicability in this case. Each party admits the true title to the land to be in the state, and is simply contending against the other for the statutory right to purchase it.

If the court, in an action like the one at bar, disregards the requirements of the original affidavit and the want of proof that its statements are true, it makes no difference what it may finally determine as to the ultimate rights of the parties to purchase. A man may have the right to purchase a piece of school land al-

though another may be in the adverse occupation of it; but if that be the fact, he must state it in his affidavit, together with the additional facts that the township has been sectionized three months, and that the adverse occupant has been in the occupation more than sixty days since the plat was filed in the United States land-office. (Pol. Code, sec. 3495.)   This is intended to insure the protection given to occupants by section 3497, and to allow them an opportunity to present whatever rights they may have.   And it has been held by this court that the statements made in the affidavit must be shown at the trial to be true.   (*McKenzie* v. *Brandon,* 71 Cal. 209, and cases there cited.)   In the affidavit made by respondent he stated that there was no occupation of the land adverse to his.   But the findings show that there was an occupation adverse to his, viz., the occupation of appellant.

Judgment reversed and cause remanded.

TEMPLE, J., MCKINSTRY, J., PATERSON, J., and THORNTON, J., concurred.

The following is the opinion of Department One above referred to, rendered on the 28th of September, 1886:—

ROSS, J.—If, as has been frequently held here, and which must now be regarded as settled, an affidavit for the purchase of land from the state must conform to all of the requirements of the statute authorizing the purchase, it logically follows that the matters of fact required to be alleged must, in case of contest, be proved as alleged, else no right to purchase accrues.   In the case before us the plaintiff applied to purchase the land in contest under and by virtue of the provisions of section 3495 of the Political Code.   If, as was stated in the affidavit, and as is alleged in the complaint herein, there was no occupation of the land adverse to that of the plaintiff, the affidavit conformed to the requirements of

the statute, and upon proof of the facts as alleged, the plaintiff would have been entitled to judgment that he be permitted to make the purchase. But the findings of the court below are to the effect that there was at the time of the plaintiff's affidavit and application an occupation of a portion of the land adverse to any on his part. The fact that, notwithstanding such adverse possession, plaintiff might, under the circumstances specified in the statute cited, have been entitled to purchase, does not aid him here; for neither his affidavit nor complaint brings him within the provisions of the statute, regarding the land as presented by the findings. In other words, it is not sufficient to show a state of facts which would have entitled him to purchase under an application which was in fact not made.

Judgment reversed and cause remanded.

McKINSTRY, J., and MYRICK, J., concurred.