[No. 15372.   Department One.—March 3, 1894.]

LEWIS H. FAIRBANKS, RESPONDENT, *v.* W. P. LAMPKIN, APPELLANT ET AL., DEFENDANTS.

STATE SCHOOL LANDS—APPLICATION TO PURCHASE—FALSE STATEMENT AS TO PART OF LAND—CONSTRUCTION OF CODE.—The false statement spoken of in section 3500 of the Political Code relating to the purchase of school lands, which provides that any false statement contained in the affidavit of the applicant as to the character of the land defeats his right to purchase the land, refers to a false statement made with reference to the particular tract of land, and the fact that an applicant's affidavit does not state the true condition of one legal subdivision of the land as to its fitness for cultivation, is no ground for denying his application to purchase another subdivision of land included in the same application, in respect to which the statement is true.

APPEAL from a judgment of the Superior Court of Mendocino County.

The facts are stated in the opinion of the court.

*J. H. Seawell,* and *T. L. Carothers,* for Appellant.

A party desiring to purchase state land must strictly conform to the statute under which his application is made, and establish the facts stated in his affidavit to purchase the land, or his application is invalid. (*Hildebrand* v. *Stewart,* 41 Cal. 387; *Woods* v. *Sawtelle,* 46 Cal. 389; Pol. Code, sec. 3500.) The plaintiff's affidavit to purchase this land in contest contained a false statement as to eighty acres of the two hundred and forty acres sought to be purchased by him, and this false statement renders his application void *in toto.* (*Mc-Kenzie* v. *Brandon,* 71 Cal. 209; *Plummer* v. *Woodruff,* 72 Cal. 29; *Harbin* v. *Burghart,* 76 Cal. 119.)

*J. A. Cooper,* and *J. M. Mannon,* for Respondent.

The statement in the affidavit was a mere matter of opinion, and should not avoid the application to purchase. (See *Combs* v. *Jelly,* 28 Cal. 501.) The reason and objects of a statute should be considered in construing it. (Dwarris on Statutes, 695.)

GAROUTTE, J.—This is an action brought to determine a contest arising in the office of the surveyor general of the state of California as to the right of the respondent Fairbanks, or the appellant Lampkin, to purchase state school lands described as follows: The southeast one-fourth and east one-half of southwest one-fourth of section 16, township 11 north, range 15 west, Mount Diablo meridian. The cause was tried and judgment rendered, which decreed that the plaintiff was entitled to purchase from the state of California the east one-half of southeast one-fourth, the southwest one-fourth of southeast one-fourth, and southeast one-fourth of southwest one-fourth of said section, and that a certificate of purchase issue to him for said land, and that neither party was entitled to purchase from the state the northwest one-fourth of southeast one-fourth, and northeast one-fourth of southwest one-fourth of said section. From this judgment Lampkin appeals to this court.

The provisions of the Political Code require that the affidavit of the applicant should state, among other things, the condition of the land as to whether it is or is not suitable for cultivation. In the affidavit accompanying respondent's application he stated that this land was suitable for cultivation. At the trial the court found that only one hundred and sixty acres thereof was suitable for cultivation, and gave judgment in his favor to that extent. It is now insisted that respondent's affidavit, wherein it stated that all the land applied for was suitable for cultivation, being declared untrue by the court to the extent of eighty acres, his affidavit and application are valueless as a basis upon which to assert a claim for any portion of the land, and section 3500 of the Political Code is cited to support such contention. That section provides: "Any false statement contained in the affidavit provided for in section 3495 defeats the right of the applicant to purchase the land, or to receive any evidence of title thereto, and, if willfully false, subjects him also to punishment for perjury."

As to whether or not a particular tract of land is suit-

able for cultivation is largely a matter of opinion. It remains to a great extent a matter of opinion, although section 3495 of the Political Code declares the meaning of the phrase "suitable for cultivation." It is a matter upon which honest men often differ, and we see no reason, either in law or sound public policy, why a party's application to purchase one-quarter section of land should be denied because his affidavit does not state the true condition of another legal subdivision of land included in the same application. The false statement spoken of in section 3500 of the Political Code refers to a false statement made with reference to the particular tract of land. In this case there was no false statement made as to the one hundred and sixty acres awarded to the applicant, but the statement was made as to the eighty acres which the court refused to award him. The construction given section 3500 by the trial court is the true one, and is in full consonance with justice. The cases relied upon to support the contrary view do not go to the lengths claimed for them by appellant.

It is ordered that the judgment be affirmed.

PATERSON, J., and HARRISON, J., concurred.