[L. A. No. 83. Department Two.—September 8, 1896.]

GEORGE A. RALPHS, RESPONDENT, *v.* L. E. HENSLER ET AL., APPELLANTS.

PLEADING—ORIGINAL ANSWER SUPERSEDED BY AMENDED ANSWER—EVI-DENCE—AGENCY—RATIFICATION OF MORTGAGE.—An original answer containing an admission of an agency to execute a mortgage sought to be foreclosed by the plaintiff, and disclosing a ratification of the mort-gage by the defendant, is superseded by an amended answer omitting all averments on the subject of such agency and ratification, and the superseded answer cannot be used as evidence in the cause tending to show such agency or ratification, nor can its declarations be considered by the court.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. WALDO M. YORK, Judge.

The main facts are stated in the opinion rendered on the former appeal, reported in 97 Cal. 296. Further facts are stated in the opinion of the court rendered on this appeal.

*McKeeby & Appel*, for Appellants.

*John T. Jones*, for Respondent.

HENSHAW, J.—Appeals from the judgment and from the order denying a new trial.

The nature of this action is sufficiently indicated in the opinion rendered upon the first appeal. (*Ralphs* v. *Hensler*, 97 Cal. 296.)

The second trial of the action was entered upon by the respective parties under the same pleadings which were considered upon the first appeal. Plaintiff, after making his formal proofs, introduced the power of attorney and exhibited to the court defendants' answer. That answer was then a subsisting, operative pleading, and contained the averments and admissions which, in the opinion of this court as declared in the ninety-seventh volume of our reports, amounted to a ratification by defendant Hensler of the acts of her attorney, performed under the insufficient power given to him.

At the conclusion of the taking of plaintiff's evidence defendant moved for a nonsuit, and, among the grounds urged, was the one that the amended complaint upon which the action was being tried failed to state a cause of action. The particular in which the amended complaint was insufficient will be found designated and discussed in the concurring opinion of Mr. Justice De Haven rendered upon the former appeal. The trial court held properly that the complaint was radically defective, but granted plaintiff's attorney leave to amend. The amendment which plaintiff's attorney thus made was a very simple though important one. It consisted in embodying in his amended complaint a true copy of the mortgage. Defendants' attorney made no objection to the allowance of this amendment, merely insisting that in case it was made he should be permitted to file an amended answer. He obtained this general leave to file an amended answer without disclosing the form which his amendment would take, and, indeed, by practicing what amounts to concealment upon the court of the nature of it. As plaintiff's attorney pointed out to the court, in the discussion which was had upon the matter, there was nothing in the amendment which he

proposed to make upon behalf of the plaintiff by at-
taching to the complaint a copy of the mortgage, which
called for or necessitated any amendment to the answer,
and he asked of defendants' attorney, " What is there to
answer to"?   The only enlightenment which court or
counsel was given upon the matter is found in the
evasive reply, " There is something."   What that some-
thing was in due time appeared.   The case was con-
tinued to allow the filing of the amended pleadings.
The amended answer of defendant filed in pursuance of
the leave of court thus obtained was an answer which
omitted all of the averments which the defendant had
theretofore solemnly made, and which this court had
held to amount to a ratification.

The court took further evidence, none of it, however,
bearing upon the question of ratification, and rendered
its judgment in favor of plaintiff.

The principal contention upon this appeal is, that at
the time when the judgment was rendered there was no
evidence before the court of a ratification; that the
pleading in which acts constituting a ratification had
been set up by defendant, and which pleading amounted
to a binding admission against her, was no longer sub-
sisting and operative; that it had been superseded for
all purposes by the amended answer which was before
the court when the cause was determined; that the re-
cord discloses that the pleading containing the admis-
sions was never introduced in evidence; that it was
merely exhibited to the court, and that, if introduced in
evidence, when the pleadings were changed and the
admission withdrawn, it ceased to be evidence in the
case, and could not, therefore, have been properly con-
sidered by the judge.

This contention of appellant must be sustained.   It
was early held in the case of *Mecham* v. *McKay*, 37 Cal.
154, that an original pleading containing an admission
against interest, which original pleading had been super-
seded by an amended pleading, could not be admitted
in evidence against the pleader, and it was said: " If the

party amends his pleading stating the facts differently he would reap no benefit from his amendment, if the adverse party were at liberty to use the first pleading as an admission to overthrow the amended pleading." This case has frequently been followed. (*Ponce* v. *McElvy*, 51 Cal. 222; *Pfister* v. *Wade*, 69 Cal. 133; *Wheeler* v. *West*, 71 Cal. 126.) Under the rule as thus laid down defendants' answer containing the admissions amounting to a ratification was superseded and ceased to be a subsisting pleading. Its declarations could not have been received or considered by the court. But in the absence of those declarations there is no other evidence in the case tending to show ratification, nor is it even contended by respondent's attorney that the power of attorney executed by Mrs. Hensler to McCarthy contains sufficient authority for the execution in Mrs. Hensler's name of the note and mortgage in suit.

It follows that the judgment and order must be reversed and the cause remanded, and it is ordered accordingly.

TEMPLE, J., and McFARLAND, J., concurred.