## RUDDOCK CO. v. JOHNSON et al.

### L. A. No. 998; January 28, 1902.

#### 67 Pac. 680.

**Agency—Authority of Agent—Statute of Frauds—Evidence.—** In an action for damages for an alleged breach of a written contract to purchase peaches from plaintiff, the contract price being for more than $200, and the agent, who was claimed to have executed the contract for defendants, not having been authorized in writing, plaintiff contended that defendants were estopped to deny the agency, and to plead the statute of frauds, because of a holding out of the agent as such in previous similar transactions. The evidence showed that previous sales of fruit were made by plaintiff to other parties than defendants, and defendants' agent testified that he told plaintiff's agent that the fruit in question was for the same purpose as formerly. It was shown that defendants were the agents of certain fruit dealers, and that the agent whom it was claimed had bound them was their subagent to purchase fruit for defendants' principals. Held, that no estoppel was shown, ostensible authority as a subagent not conferring authority to bind defendants as principals.

**Evidence.—A Withdrawn Cross-complaint is not Admissible in evidence.**

APPEAL from Superior Court, Los Angeles County; Lucien Shaw, Judge.

Action by the Ruddock Company against F. S. Johnson and others. From a judgment in favor of defendants, plaintiff appeals. Affirmed.

Anderson & Anderson for appellant; Clarence A. Miller for respondents.

GRAY, C.—Action for damages for breach of an agreement by defendants to purchase plaintiff's crop of peaches, estimated at twelve tons or more. The defendants had judgment, and this appeal is by plaintiff from an order denying its motion for a new trial.

Appellant attacks the finding of the court to the effect that no contract or agreement was entered into between plaintiff and defendants. It appears that the contract or agreement for the purchase of plaintiff's peaches was in writing, and for a price much in excess of $200. It was signed by defendants only by the hand of their alleged agent, Prince by name. The contract of sale, being for a price of more than $200, was within the statute of frauds, and it was therefore necessary that it should be in writing. It was also necessary to show that the authority of the agent executing the contract in the name of the defendants was also in writing, or else present facts in some way taking the case out of the statute of frauds. It seems to be conceded that Prince had no authority in writing to sign the contract for defendants. It is contended, however, on behalf of appellant, (1) that defendants by their acts were estopped to deny the agency of Prince, because they had held him out as their agent in previous similar transactions with plaintiff; (2) the contract was ratified by defendants.

As to the first contention, the evidence without conflict shows that the previous sales of fruit by plaintiff upon which the contention depends were made to Emerson and Hall, and not to these defendants, or either of them; and Prince testifies that he told plaintiff's agent, Vincent, that he was getting the fruit in the purchase and sale upon which this action is based for the same parties as formerly, and that samples must be sent east to them. If Prince is to

be believed (and the findings indicate that the trial court did believe him), then plaintiff had oral notice that Prince was not acting as defendants' agent in the alleged sale and purchase involved in this case. Therefore, so far as the sale is attempted to be established on the theory of the ostensible agency of Prince and the estoppel of the defendants, the finding against the sale finds support in this evidence that all the purchases were for the eastern house, and not for defendants, and that plaintiff had notice of that fact. The evidence tends to show that defendants were only the agents of fruit dealers in the east, and it cannot be reasonably contended that, defendants having sent Prince out as their subagent to purchase fruit for their principals in the east, they are estopped to deny his authority to make purchases that would bind them as principals. Ostensible authority for one purpose certainly does not confer authority for all purposes.

The claim of ratification of the contract is hardly worthy of consideration, for the reason that the letter and other acts of defendants relied on to show ratification seem rather to show the contrary. The letter written by Hall, purporting to have been on behalf of defendants, referred to the purchasers as "Emerson and Hall, of Minneapolis," and said that the samples submitted to them had not been approved, and "this cancels the contract." The withdrawn cross-complaint was not evidence of ratification, nor was it evidence at all; Ralphs v. Hensler, 114 Cal. 196, 45 Pac. 1062; Miles v. Woodward, 115 Cal. 308, 46 Pac. 1076.

We think the evidence fails to show that the question of Prince's authority to execute the written contract of purchase for defendants was taken out of the statute of frauds, and that the evidence fails to sustain the theory of ratification. The finding of no contract must therefore be upheld. There being no contract, the plaintiff cannot recover in this action, in any event, and the other questions presented become immaterial.

We advise that the order appealed from be affirmed.

We concur: Haynes, C.; Cooper, C.

PER CURIAM.—For the reasons given in the foregoing opinion the order appealed from is affirmed.