CLARK, APPELLANT, v. WALL ET AL., RESPONDENTS.

(No. 2,146.)

(Submitted March 14, 1905.   Decided March 18, 1905.)

*Mines—Licenses—Character of Licensee's Estate—Revocation of License—Denial of Licensor's Title—Estoppel—Injunction.*

Mines—Licenses—Verbal Agreement—Revocation—Rights of Licensees.
1.   A verbal agreement by which defendants were authorized to enter into a mining claim and extract ore therefrom during plaintiff's will and pleasure, and with the understanding that the privilege should terminate whenever plaintiff might desire, created in defendants merely a license, revocable at plaintiff's pleasure, and gave defendants no interest or right in the realty, but merely a right to the ore, as personalty, when extracted from the mine.

Pleadings—Mines—Injunction—Estoppel—Ownership of Premises.
2.   Where, in an action for an injunction, the complaint alleged that defendants' use of mining premises was merely permissive, and that their right to such use was terminable at plaintiff's pleasure, the defendants, having failed to file any answer or pleading, are estopped to contend that plaintiff was not the owner of the premises.

Mines—Licenses—Injunction—When Proper.
3.   Where a license to extract ores from a mining claim was revoked, and the licensees, who were insolvent and unable to respond in damages, nevertheless refused to surrender possession of the claim, and continued and threatened to continue the mining of the ore, thereby destroying the substance of the licensor's estate in the claim, the latter was entitled to an injunction restraining the further continuance by the licensees of their wrongful acts.

*Appeal from District Court, Silver Bow County; Wm. Clancy, Judge.*

ACTION by Clinton C. Clark against Robert Wall and others. From an order refusing to issue an injunction, plaintiff appeals.   Reversed.

*Messrs. McBride & McBride, Mr. J. E. Healy* and *Mr. J. E. Murray,* for Respondents.

The agreement stated in plaintiff's complaint contains all the elements which constitute a lease or tenancy at will, and is of a character and for purposes common to mining regions

of this state. Section 1240, Civil Code of Montana, provides
that a tenancy or other estate at will, however created, may be
terminated by the landlord's giving notice in writing to the
tenant to remove from the premises within a period of not less.
than one month, to be specified in the notice. Under the law
and under the terms of the letting, as set forth in plaintiff's.
complaint, the notice prescribed by section 1240 above was in-
dispensable to terminate the tenancy. The maxim "That is
certain which can be made certain," is not applicable. It ap-
pears to be the contention of appellant that the parties having
provided for a termination of the lease, upon the happening
of a certain event, or upon the giving of notice, as in this case,
the giving of such notice absolutely terminated the lease and
the relationship of landlord and tenant was immediately at an
end. This is not so where the alleged event or contingency
consists merely of the exercise of the landlord's will. (*Wood-
row* v. *Michael,* 13 Mich. 186-190.)

Contracts are presumed to be entered into in contemplation
of the law, which engrafts into every relationship entered into,
certain rights and obligations. Here the parties are presumed
to have had in mind the provisions of the law applicable to
such a state of facts, and, in providing for the notice and de-
mand, they recognized an estate in defendants, which can only
be terminated in a given manner. If no possession were ren-
dered, and no estate given to the defendants, a notice and de-
mand would not be necessary. It is therefore apparent that
the statutory notice was intended by the parties. The com-
plaint fails to establish clearly any subsisting interest or right
of possession in the plaintiff, and to that extent fails to set
forth sufficient facts to justify the relief sought. (*Campbell*
v. *Flannery et al.,* 29 Mont. 246, 74 Pac. 450.) The doctrine
that a tenant cannot dispute his landlord's title can have no
place here, for the reason that in the complaint the plaintiff
himself shows that the title of the property is in a third party.

Equity will not interfere by injunction where title or right
of possession is disputed, and will usually leave such contro-

versies to be determined in a legal forum by the usual legal remedies. If a tenancy at will be appellant's theory, and sufficient notice has been given to terminate the same, the Code of Civil Procedure provides a manner in which the possession may be summarily obtained. By an action of unlawful detainer a landlord may be placed in the full, complete and immediate possession of the premises. If, on the other hand, he proceeds on the theory that the arrangement constituted a mere license or permission, not connected with an interest, then possession is not transferred and the revocation of the license would place the parties in their original position, and the action of the defendants in wrongfully taking or withholding possession, would be remedied in an action of forcible entry and detainer—giving plaintiff an immediate and complete relief. We therefore submit that on the face of the record it appears that plaintiff and appellant has a remedy at law, which is immediate and adequate and even more complete than in equity.

*Mr. J. L. Wines,* for Appellant.

Whatever the relation was between appellant and respondent Wall, whether it be that of landlord and tenant, or that of licensor and licensee, the tenant or licensee is not in a position to controvert the right, interest, title or claim of appellant, having contracted with him upon the theory that the appellant did have such right, title, interest or claim. It is the application of the familiar doctrine of estoppel. (2 Taylor's Landlord and Tenant, 8th ed., sec. 628.)

Where parties have provided by contract that a lease, license or permission should terminate upon the happening of a certain event, or upon the giving of notice, as required in this case, the giving of such notice absolutely terminates the right, and no other notice is required. It is the same in effect as in cases where the contract itself expressly limits the right or permission during a given period. In such cases no notice is necessary in order to terminate the tenancy. The maxim

is, "That is certain which can be made certain." (*Canning* v. *Fibush,* 77 Cal. 196, 19 Pac. 376; *Hihn* v. *Mangentberg,* 89 Cal. 268, 26 Pac. 968; *McKissick* v. *Ashby,* 98 Cal. 422, 33 Pac. 729; *People ex rel. Gleahill* v. *Shackno,* 48 Barb. 551.)

MR. COMMISSIONER BLAKE prepared the opinion for the court.

The plaintiff appeals from an order refusing to issue an injunction. The complaint was filed November 26, 1904, and alleged the following facts: The Anaconda Copper Mining Company owned, and still owns, a patented mining claim designated as the Modock, and situated in the county of Silver Bow, and entered into a verbal contract about the —— day of June, 1903, whereby the plaintiff leased the property and continued in the possession thereof until April 20, 1904. About this time the plaintiff entered into a verbal agreement with defendant Wall to the effect that Wall should have permission and privilege of entering the claim by a shaft called the "Tripod Shaft," and connected with certain stopes and a drift. Under this agreement, Wall "might enter into said shaft and into said workings, and might mine and extract ore from the same, during the will and pleasure and during the consent of this plaintiff, with the express understanding that said privilege, permission, or right to mine in said mining premises should terminate and cease whenever or at such time as this plaintiff might desire, and that this plaintiff should have the right to terminate said privilege or permission upon the part of the said Robert Wall whenever this plaintiff might so desire, and upon notice and demand therefor being given by this plaintiff unto the said defendant Robert Wall."

The complaint further alleges that the plaintiff served written notice upon Wall November 17, 1904, that the permission and privilege to possess and mine the claim would terminate November 25, 1904. The defendants Sutton and Johnson claim to have succeeded to some right under the agreement between the plaintiff and Wall, and to be in the possession of the

property jointly with Wall. When demanded, the defendants refused to surrender the possession of the claim, and are mining and removing, and will continue to mine and remove, large quantities of ores and minerals, and convert the same to their own use. The premises are valuable only for the gold, silver, and copper therein, and a continuance of the acts of defendants will destroy the leasehold interest of the plaintiff and the claim for mining purposes. The defendants are insolvent and unable to respond in damages on account of their acts, and any judgment that the plaintiff might recover against them for the value of the ores and minerals so converted would not afford any compensation. The defendants threaten to continue in the possession of the claim, and mine and extract ores and minerals therefrom, and convert the same, and will, unless restrained by order of the court, remove large quantities of said ores and minerals. The interest of the defendants in the claim has ceased and is without right.

The prayer of the complaint is in the usual form—that the defendants be adjudged to have no right or title to the claim as against the plaintiff; that the defendants be enjoined and restrained from mining, extracting, and removing ores therefrom; that a temporary restraining order of the court be issued; and that, upon the final hearing, the injunction and restraining order be made perpetual. The temporary restraining order was issued in accordance with the prayer of the complaint, and a summons and citation were served on the defendants.

At the hearing of the order to show cause, no answer or pleading was filed by the defendants, and their counsel made the following objection to questions propounded to the plaintiff: "We desire to object to the introduction of any and all evidence upon the part of the plaintiff in this case, upon the following grounds and for the following reasons: Because the complaint in this action does not state a cause of action; because the facts alleged and the allegations contained in this complaint do not entitle the plaintiff to any relief in a court

of equity whatever; and because the facts alleged and allegations contained in this complaint do not entitle the plaintiff in this case to an injunction, temporary or otherwise, or at all." The objection was sustained by the court, and the order to show cause and the temporary restraining order were dissolved and dismissed.

What was the effect of the agreement under which the defendants entered into possession of the Modock claim? The question can be determined without difficulty. The case of *Wheeler* v. *West,* 71 Cal. 126, 11 Pac. 871, was an "action to perpetually enjoin defendants from extracting and removing gold from the mining claim of plaintiffs," and the court said: "The verbal contract of February 14, 1883, as found by the court and jury, under which defendants were to enter and work a certain portion of the mine if they saw fit, and to exercise their own discretion whether they worked it or not, did not create the relation of landlord and tenant between them and the plaintiffs. The contract gave to them no greater right and had no more force in law than a verbal contract for the sale of the land would have possessed. Their right under such a contract was not in and to the realty, but to the gold, as personalty, when it should be severed from the land. Had it been in writing, it would have given to defendants merely an incorporeal hereditament, and, being verbal, it operated as a license to them to dig and mine for gold within the specified limits, which license protected them from a charge of trespass while in force, but was liable to revocation at the will of the licensors. There is a broad distinction between a lease of a mine, under which the lessee enters into possession and takes an estate in the property, and a license to work the same mine. In the latter case the licensee has no permanent interest, property, or estate in the land itself, but only in the proceeds, and in such proceeds not as realty, but as personal property, and his possession, like that of an individual under a contract with the owner of land to cut timber or harvest a crop of potatoes thereon for a share of the proceeds, is the possession of the

owner. (*Riddle* v. *Brown,* 20 Ala. 412, 56 Am. Dec. 202; *Funk* v. *Haldeman,* 53 Pa. St. 229; *Gillette* v. *Treganza,* 6 Wis. 343; *Grubb* v. *Bayard,* 2 Wall. Jr. 81, Fed. Cas. No. 5849; *Caldwell* v. *Fulton,* 31 Pa. St. 483, 72 Am. Dec. 760; *Doe* v. *Wood,* 2 Barn. & Ald. 719; *Potter* v. *Mercer,* 53 Cal. 667.) The agreement was revocable at the will of the plaintiffs, and having been by them revoked before suit was brought, plaintiffs were entitled to a recovery."

The authorities cited in the above opinion support the doctrine announced by the court, and we quote from *Riddle* v. *Brown, supra:* "A license merely—a verbal license—is the right to do a particular act, or a series of acts, without any interest in the land. Such a license will exempt a party from an action of trespass for entering the land of another to dig ore, and will give him the property in the ore which is actually dug under it. (*Doe* v. *Wood,* 2 Barn. & Ald. 724; 1 Crabb R. P. 96.) But such a license is revocable at any time, at the pleasure of him who gives it." (See, also, Lindley on Mines, 2d ed., sec. 860; *Williams* v. *Morrison* (C. C.), 32 Fed. 177.)

The respondents made the point that the complaint shows that the appellant has no title to the Modock claim, and that therefore he cannot maintain this action. For the purpose of this hearing the respondents admitted that they were in possession under a license from the appellant, and cannot be permitted to urge this point. Whether tenants or licensees, the respondents may not admit that they hold under the appellant, and at the same time say that as to them he is not the owner.

It appears from the complaint that the defendants are insolvent, and are committing waste and destroying the substance of the estate of the Modock claim, and threaten to continue these wrongful acts, and the plaintiff is entitled to the equitable relief prayed for.

The court erred in refusing to permit plaintiff to introduce testimony to prove the allegations of the complaint. We

recommend that the order appealed from be reversed, and that the case be remanded for further proceedings in conformity with this opinion.

PER CURIAM.—For the reasons stated in the foregoing opinion, the order is reversed and the cause remanded.

*Reversed and remanded.*