[Civ. No. 176.   Third Appellate District.—May 15, 1906.]

## JAMES E. PARDEE, Appellant, v. ANTOINE B. SCHANZLIN et al., Defendants; WESTERN PACIFIC LAND COMPANY, Respondent.

STATE SCHOOL LAND—APPLICATION TO PURCHASE—CERTIFIED COPY—AFFIDAVIT BEFORE NOTARY PUBLIC.—A copy, certified by the surveyor general, of an original application to purchase state school land, purporting to be sworn to before a notary public, with his seal attached, and variously indorsed, showing the action taken thereon in the surveyor general's office, established *prima facie* the due execution of the document, and the affidavit required by section 3495 of the Political Code.

ID.—JUDICIAL NOTICE OF NOTARY'S SEAL—PRESUMPTION—PERFORMANCE OF OFFICIAL DUTY.—Courts take judicial notice of the seals of notaries public; and in the execution of their official duties there is a presumption that they were regularly performed.

ID.—AFFIDAVIT OF CITIZENSHIP—DECLARATION OF INTENTION—FALSITY—PAYMENT IN FULL FOR LAND—LONG DELAY—RIGHT TO PATENT.—The affidavit must state that the applicant is a citizen of the United States or has filed his intention to become such, in either of which cases he is a qualified purchaser; and though, as a general rule, a false statement in the application will vitiate it, yet where the application stated citizenship, though the applicant had only declared his intention to become such, an entry otherwise valid should not be forfeited on that account ten years after the purchaser had paid in full for the land, and was entitled to have a patent issued to her or her assigns, during all of that time.

ID.—DECLARATION OF INTENTION FILED ON DAY OF AFFIDAVIT—PRESUMPTION AGAINST PERJURY — SUPPORT OF FINDING.—Where it appears that the declaration of intention to become a citizen was filed on the same day when the application was sworn to, but several days before it was filed, it must be presumed against perjury that the declaration of intention was filed before the affidavit was made; and such presumption is sufficient to support a finding that at the time of making the affidavit and application, and at

the time of filing the same, she had filed her intention to become a citizen.

ID.—COMPUTATION OF TIME—FRACTIONS OF DAYS.—Though the law generally rejects fractions of days, in order to avoid disputes, yet where conflicting rights have accrued on the same day, to guard against injustice, it may be shown when any particular act was done or event happened.

ID.—IMMATERIAL FAILURE TO FIND.—Where the findings made fully supported the judgment in favor of the respondent company, the failure to find upon its plea of the statute of limitations was immaterial and not prejudicial to the appellant.

APPEAL from a judgment of the Superior Court of Lassen County.  F. A. Kelley, Judge.

The facts are stated in the opinion of the court.

J. E. Pardee, Appellant, *in pro. per.*

H. D. Burroughs, for Respondent.

CHIPMAN, P. J.—Action on reference of the surveyor general of the state to determine the right to purchase certain school lands.

The court found that defendant, Mrs. Schanzlin, made application to purchase the land in question on March 2, 1892, and on March 7, 1892, a certificate of purchase was duly issued to her and that within fifty days thereafter as required by the statute, on September 5, 1892, she paid the full purchase price of $800 and $3 fee, and on October 27, 1892, certificate of purchase No. 2081 was duly issued to her, which remains in full force; that by mesne conveyances the defendant company, on March 13, 1902, became the owner of said land and is now entitled to all the rights acquired by the said Schanzlin by virtue of said certificate of purchase; that the land is timbered land and unfit for cultivation; that plaintiff on November 11, 1903, filed his affidavit and application in due form in the office of the surveyor general to purchase said land, and demanded that his affidavit of contest be referred to the proper court for adjudication, which reference was duly made, and on November 17th the action was commenced.

Judgment passed for defendant company, from which plaintiff appeals on bill of exceptions.

1. It is claimed that there is no evidence that Mrs. Schanzlin made the affidavit required by section 3495 of the Political Code. This point arose on objection of plaintiff to the introduction of Mrs. Schanzlin's affidavit and application to purchase the land, the claim being that there was no evidence that the affidavit was subscribed and sworn to before any officer authorized to administer oaths. The evidence offered and received consisted of a copy duly certified by the surveyor general of the original application of Mrs. Schanzlin, purporting to be sworn to before Alvan Flanders, notary public, with his seal attached and variously indorsed showing the action taken thereon in the office of the surveyor general. Courts take judicial notice of the seals of notaries public (Code Civ. Proc., sec. 1875, subd. 7); and in the execution of their official duties there is a presumption that they were regularly performed. (Code Civ. Proc., sec. 1963, subd. 15.) The introduction of the affidavit established *prima facie* the due execution of the document.

2. It is next claimed that the affidavit was false in this that the applicant, Mrs. Schanzlin, stated that she was a citizen of the United States, whereas the evidence shows that she had declared her intention to become such citizen. It may be admitted as well settled by the cases, too numerous to require citation, that the applicant to purchase state lands must state in his application all the facts which the statute makes requisite for such purchase, and these facts must be shown to be true; and that, failing in this respect, the applicant must fail. The requisites to be stated in an application to purchase school land are found in section 3495 of the Political Code. Among other things it is provided that the person desiring to purchase "must make an affidavit that he is a citizen of the United States, or has filed his intention to become such." Section 3500 provides: That "any false statement contained in the affidavit . . . defeats the right of the applicant to purchase the land, or to receive any evidence of title thereto." The contention of appellant is that the statute provides for two distinct and separate classes of persons who may apply to purchase: First, citizens, native or naturalized; second, persons qualified to become citizens who have declared their inten-

tion to become citizens. The argument is that Mrs. Schanzlin falsely declared herself to be in the first class, when, in fact, she knew that she belonged to the second, and was not a citizen. Some analogy is sought to be drawn from the decisions in respect of the requirement as to occupancy. The statute requires a statement in this regard: "That there is no occupation of such lands adverse to any he has, or if there is an adverse occupation the affidavit must show that the township has been sectionized three months and that the adverse occupant (giving his name) has been in such occupation more than sixty days since the plat was filed in the United States land office." (Section 3495.) It has been held that a statement in the affidavit that there is no occupancy, when in fact the land is occupied, will defeat the application, even though the occupancy has continued more than three months after the land has been sectionized. (Pol. Code, sec. 3497; *Plummer* v. *Woodruff*, 72 Cal. 29, [11 Pac. 871, 13 Pac. 51].) The provisions of the statute in respect of occupancy do not seem to us to be analogous. The statute as to citizenship prescribes a personal qualification and the qualification is equally sufficient whether the applicant be a citizen or has declared his intention to become a citizen. In the case involving occupancy the occupant who has failed to apply for three months after the land has been sectionized may still apply and contest the claim of another applicant; he does not lose his right, though he may lose his preference under section 3497 *supra*.

The material fact required to be shown in the matter of citizenship is that the applicant "is a citizen of the United States, or has filed his intention to become such," in either of which cases he is a qualified purchaser. It was held in *Fairbanks* v. *Lumpkin*, 101 Cal. 520, [36 Pac. 6], that a false statement as to certain subdivisions of the section of school land not being suitable for cultivation did not defeat the right to purchase other subdivisions as to which the affidavit was true. This was a departure from the general rule laid down in the cases as to false statements of statutory requirements. It seems to us that it would be an extremely harsh reading of the statute, as contended for by appellant, under the circumstances here disclosed, to forfeit an otherwise valid entry ten years after the purchaser had paid in full for the land, during all

of which time she was entitled to have a patent issue to her or her assigns.

3. It appeared that Mrs. Schanzlin made and filed her declaration of intention on the same day that she swore to the affidavit, and appellant makes the point that it does not appear which of these instruments was first executed. She was a lady sixty-four years old when testifying to an event happening twelve years earlier, and she could not remember whether she filed her declaration of intention before making affidavit to her application. But it appeared that the application was not filed with the surveyor general for some five days later. The court found "that at the time of making said affidavit and application . . . and at the time of filing thereof in the office of the register of the state land office . . . said Antoine B. Schanzlin had filed her intention to become a citizen of the United States and she was a resident," etc. If any presumption is to be indulged in it must be against that which would imply perjury on the part of the applicant. The law generally rejects all fractions of a day, in order to avoid disputes. (2 Blackstone's Commentaries (Cooley), 141.) Where, however, conflicting rights have accrued on the same day, to guard against injustice, the truth and fact in point of time when any particular act was done or event happened may always be averred and proved. (*Ibid,* note.) No such situation is here presented. We think the evidence was sufficient to justify the finding.

4. Defendant Schanzlin made default and defendant company pleaded the statute of limitations. (Code Civ. Proc., secs. 315, 316.)

The court made no finding on this issue, and it is urged as prejudicial error. It is not necessary to decide whether or not these sections of the code apply to this class of cases. The judgment of the court was supported by the findings and a finding on this issue of the answer was immaterial.

Respondent makes the point that under the ruling in *McCabe* v. *Goodwin,* 106 Cal. 486, [39 Pac. 941], the title of the assignee of a certificate of purchase of this particular class of state land, for which payment in full has been made and several years have elapsed, cannot be contested by a third person. It is not necessary to decide the question.

The foregoing disposes of all the points made in appellant's brief.

The judgment is affirmed.

Buckles, J., and McLaughlin, J., concurred.