[No. 11411. In Bank. — October 23, 1888.]

CHARLES CAMPBELL ET AL., APPELLANTS, v. BEN-
JAMIN WALLS, RESPONDENT.

APPEAL — PRESUMPTION. — The burden is cast upon an appellant to show
error affirmatively and clearly by the record, and in the absence of such
showing the presumption is, that the rulings of.the court below were
correct, and its action proper.

ID. — EJECTMENT — LOCATION OF PREMISES. — In an action of ejectment,
when the plaintiff appeals from a judgment against him, and there is
nothing in the transcript to show the location of a lot upon which the
controversy depends, or of the calls of a deed under which the defendant
claims title, it will be presumed that the evidence warranted the decis-
ion in favor of the defendant, and a statement in appellant's brief that
the deed to the defendant did not include the lot in controversy cannot
be considered. Appellant must bear the loss, if any, from the omission
of evidence from the transcript.

APPEAL from a judgment of the Superior Court of
Lake County, and from an order refusing a new trial.

The facts are stated in the opinion.

E. W. Britt, for Appellants.

The streets are artificial monuments, and should con-
trol the boundaries of the deed to Jonathan H. Camp-
bell. (Colton v. Seavey, 22 Cal. 496; Franklin v. Dorland,
28 Cal. 178, 179; Powers v. Jackson, 50 Cal. 429.) The
deeds from Campbell to Corum and from Corum to the
defendant do not include the lot in controversy.

R. W. Crump, for Respondent.

The deed from Campbell to Corum in 1868 carried
the title after acquired by Campbell in 1869. (Civ.
Code, sec. 1105, 1106; Dalton v. Hamilton, 50 Cal. 422;
Clark v. Baker, 14 Cal. 630; 76 Am. Dec. 449; Kirkaldie
v. Larrabee, 31 Cal. 457.)

BELCHER, C. C.—The plaintiffs brought this action to
recover the possession of a lot of land situated in the
town of Lower Lake, in Lake County, and described in

their complaint as: "Commencing at the northwest corner of Main and Mill streets, in said town of Lower Lake, and running thence north along Mill Street 160 feet, thence west 16 feet, thence south along the east line of lot 2, in block 2, in said town, 160 feet to Main Street, thence east 16 feet to place of beginning." The defendant, by his answer, denied the plaintiff's ownership of the lot, and set up title in himself. The court below found that the plaintiffs were not the owners or entitled to the possession of the lot, and gave judgment for the defendant, from which, and from an order denying them a new trial, plaintiffs appealed.

It is claimed for the appellants that the findings were not justified by the evidence, and this is the only question presented for review.

The plaintiffs deraigned their title through a deed made to Jonathan H. Campbell, their father, in April, 1869. That deed was made by the admitted owner of the disputed and adjacent property, and described the land conveyed as a lot in the town of Lower Lake, "commencing on Main Street at the southwest corner of lot No. 2, in block No. 2, in said town, running thence east 16 feet to Mill Street, thence north with Mill Street 160 feet, thence west 16 feet to the northwest corner of said lot No. 2, in block No. 2, in said town, thence south 160 feet to the place of beginning."

They also introduced in evidence a plat of the town of Lower Lake, taken from the office of the county recorder, and proved that it had been in that office for more than four years, and was the only plat of the town to be found there. The plat showed that block No. 2 was bounded on the east by Mill Street, and on the south by Main Street, but did not show the location or size of lot No. 2, or that any part of the block had ever been designated as lot 2.

In support of his claim of title to the disputed premises, the defendant introduced in evidence a grant, bar-

gain, and sale deed, made by Jonathan H. Campbell to one Charles Corum, in June, 1868, conveying a lot in the town of Lower Lake, described on a plat or survey of the town "as the east part of lot 2, in block 2, according to said survey, as follows, to wit: Commencing at the southeast corner of said lot 2, of block 2, thence west 60 feet (exclusive of the public road on the east side of said lot), thence north from the section line 160 feet, thence east 60 feet, thence south 160 feet to the section line between sections 2 and 11, to place of beginning." This deed was acknowledged and recorded on the day of its date. Defendant also introduced a deed from Corum to himself, made in July, 1876, and conveying the same premises.

The plaintiffs objected to both of those deeds on the ground that they did not embrace the premises in suit, but the court overruled the objection and admitted them in evidence.

It is said in the brief filed for appellants that the demanded premises lie between lot 2 and the east line of the block, and that the points in the calls of the deed under which his clients claim title, described as "the southwest corner of lot No. 2," and "the northwest corner of said lot No. 2," should have been described as the southeast and northeast corners of the lot, and that the descriptions found in the deed were probably written by mistake. On the other hand, it is said in the brief for respondent that lot 2 covers all of the southeastern quarter of the block.

Now, if the respondent is right in his statement as to the location of lot 2, it is evident that the demanded premises were included in the deed from Campbell to Corum, and that when Campbell received his deed in 1869 the title to the property, if conveyed by that deed, at once vested in Corum, his former grantee, and is now vested in respondent.

Turning to the transcript, we find no evidence upon

the subject of these statements, and nothing from which we can determine as to which statement is true. But the burden is cast upon an appellant to show by the record affirmatively and clearly that error was committed by the trial court, and in the absence of such showing the presumption is, that the rulings of the court were correct, and its action proper.

We find nothing in this record to justify us in saying that the court below clearly erred in reaching its conclusions. If such evidence was given, it should have been brought up in the transcript. Not being there, the loss, if any, must be borne by the appellants.

We therefore advise that the judgment and order be affirmed.

Foote, C., and Hayne, C., concurred.

The Court.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.