.[Civ. No. 3253.   Second Appellate District, Division One.—May 11, 1920.]

GEORGE BENNETT, Respondent, v. FIRST NATIONAL BANK OF HOLLYWOOD (a Corporation), Appellant.

[1] BANKS AND BANKING—FORGED INDORSEMENT OF CHECK—PAYMENT BY BANK—LIABILITY TO DEPOSITOR.—A bank has no right to charge a depositor's account with the amount of a check upon the forged indorsement of the name of the payee.

[2] ID.—LOAN ON FORGED NOTE AND MORTGAGE—LIABILITY TO REPAY LENDER.—Where a person falsely represents himself to be the agent of the owner of certain real property and that such owner desires a loan of a given amount to be secured by a mortgage upon such property, and, upon the production of a note and mortgage purporting to be executed by such owner, both of which documents are in fact forged instruments, a loan is made, the lender, by delivering to the purported agent a check payable to his order,

which the latter in due course cashes, creates only a personal lia-
bility on the part of the latter to repay the same.

[3] ID.—PAYMENTS BY FORGER TO DEPOSITOR — RIGHT OF BANK TO
CREDIT.—In an action against a bank to recover a sum which it
charged to plaintiff's account upon the payment by it of a check
drawn by plaintiff on it upon a forged indorsement of the name
of the payee, the bank is not entitled to have applied in liquida-
tion of its liability to plaintiff the amount paid by the person
who committed the forgery to plaintiff in settlement of a personal
liability, where the funds used in making such payment were de-
rived from a source other than the proceeds of forged check.

APPEAL from a judgment of the Superior Court of Los
Angeles County. Russ Avery, Judge. Affirmed.

The facts are stated in the opinion of the court.

Evans, Abbott & Pearce and W. E. Evans for Appellant.

Howard F. Shepherd for Respondent.

SHAW, J.—This action was brought by plaintiff against
the First National Bank of Hollywood to recover the sum of
one thousand dollars, which the bank charged to his ac-
count because of the payment of a check drawn by him
thereon and upon which the name of the payee was forged.

Judgment went for plaintiff, from which the defendant
appeals upon the judgment-roll.

As appears from the findings, the facts are as follows:
In August, 1917, one S. W. Thomas, then a man of good
repute and president of the Garvanza Investment Company,
falsely represented to plaintiff that he was the agent of
Abbie Gilbert (who was in fact a real person), and that she
desired a loan of two thousand dollars, to be secured by
mortgage upon certain real estate owned by her. Plaintiff
agreed to make the loan and some days thereafter Thomas
delivered to him a note and mortgage purporting to be exe-
cuted by Gilbert, both of which documents were in fact
forged instruments. Thereupon plaintiff delivered to Thomas
a check ˋfor one thousand dollars, drawn upon defendant

---

3. Forger's application of proceeds of check to an indebtedness
to depositor, as affecting bank's right to charge the same against
depositor's account, note, 25 L. R. A. (N. S.) 996.

bank and payable to the order of Abbie Gilbert, whose name
Thomas, without her consent or knowledge, indorsed thereon
and deposited it in the First National Bank of Glendale to
the credit of the Garvanza Investment Company, the account
of which he used for his own purposes, and which check,
upon being presented to defendant, was paid in due course
on August 22, 1917. Thereafter, to wit, on August 27, 1917,
in advancing the balance due upon said purported loan,
plaintiff gave his check upon defendant bank for one thou-
sand dollars, payable to the order of S. W. Thomas, who
duly indorsed the same, which defendant paid to the ac-
count of said Garvanza Investment Company upon presenta-
tion, likewise charging the same to plaintiff's account. Prior
to the time when the Garvanza Investment Company re-
ceived the proceeds of the Thomas check, all the money rep-
resented by the Gilbert check was by it checked out and
paid to persons not here concerned. While Thomas, be-
tween September 4, 1917, and April 5, 1918, paid plaintiff
in installments the sum of one thousand dollars, which sums
were credited generally upon the forged note of Abbie Gil-
bert, no part thereof was from the proceeds of the Gilbert
check. Neither Abbie Gilbert nor the parties hereto learned
of the fraudulent nature of the transactions until September,
1918, at which time plaintiff demanded payment from de-
fendant of his one thousand dollars so paid out on the Gil-
bert check. The court further found that plaintiff was not
guilty of any negligence which contributed to the action
of defendant in making said payment, and that the pay-
ment of one thousand dollars made by Thomas on said pur-
ported note of Gilbert "was not made at the expense of or
to the injury of defendant, and that plaintiff was not
(thereby) benefited beyond his total loss."

Upon these findings appellant attacks the court's conclu-
sion of law based thereon, "that plaintiff had a right to
apply the whole sum of one thousand dollars paid by S. W.
Thomas to plaintiff on account of the said note and mortgage
in liquidation of the said check of one thousand dollars made
and delivered by plaintiff to said S. W. Thomas on the
twenty-seventh day of August, 1917, and to apply no part
of the same on the said check of one thousand dollars pay-
able to said Abbie Gilbert."

Defendant's unauthorized act in paying the Gilbert check upon which the indorsement was forged is conceded by appellant (*Redington* v. *Woods,* 45 Cal. 406, [13 Am. Rep. 190]), who, however, insists that defendant should have the benefit of the one thousand dollars paid by Thomas in liquidation of any damage sustained by plaintiff on account of such unauthorized action on its part.

[1] That defendant had no right to charge plaintiff's account with the one thousand dollars so paid out upon the forged indorsement of the Gilbert check is not open to controversy, but in fact conceded by appellant, which, however, insists that equitably it is entitled to have the one thousand dollars paid plaintiff by Thomas applied in liquidation of its liability, and hence, if so applied, defendant has been reimbursed for the loss sustained by its unwarranted act. Its argument in support of this contention is predicated chiefly upon the claim that the loss was due to plaintiff's negligence, which, in the absence of the evidence, is fully answered by the finding of the court that defendant's action was not due to any negligence on the part of plaintiff.

The action is not based upon the fraud practiced by Thomas upon plaintiff. That is no concern of defendant. [2] It is true that plaintiff, for some reason not appearing, delivered to Thomas a check payable to his order for one thousand dollars, which Thomas in due course cashed; but such act (whatever plaintiff's intention, since the Gilbert note was a nullity), created a personal liability on the part of Thomas, who was the only person answerable therefor, and if not paid, an action for recovery would lie against him alone. The payment of any judgment obtained thereon could not be deemed the liquidation of defendant's liability to plaintiff in paying the Gilbert check. [3] If this argument is sound, it follows that the situation is not changed by the fact that Thomas, without a judgment therefor, and from funds other than the proceeds of the Gilbert check (*Andrews* v. *Northwestern Nat. Bank,* 107 Minn. 196, [25 L. R. A. (N. S.) 996, 117 N. W. 621, 122 N. W. 499]; *Shipman* v. *Bank of State,* 126 N. Y. 318, [22 Am. St. Rep. 821, 12 L. R. A. 791, 27 N. E. 371]), paid to the plaintiff the sum so received by him, and for which he alone was liable. As found by the trial court, the payment was not made at the expense or to the injury of the defendant. The

payment was not made out of any fund belonging to it, nor as to the loss due to defendant's action, was plaintiff benefited by the payment. No equitable reason occurs to us why the sum paid by Thomas should be applied in liquidation of defendant's liability to plaintiff, from which it follows that defendant still has one thousand dollars of plaintiff's money.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.