STATE OF MISSOURI AT THE RELATION AND TO THE USE OF THE MISSOURI ABSTRACT AND GUARANTY COMPANY, A CORPORATION, RESPONDENT, v. GLOBE INDEMNITY COMPANY ET AL., APPELLANTS.*

Kansas City Court of Appeals. June 11, 1928.

*Corpus Juris-Cyc References: Acknowledgments, 1CJ, section 300, p. 904, n. 14; Banks and Banking, 7CJ, section 415, p. 688, n. 2; Title Insurance, 38 Cyc, p. 348, n. 39.

*Lathrop, Morrow, Fox & Moore, Richard S. Righter* and *Henry W. Fox* for appellants.

*Rosenberger, McVey & Freet* for respondent.

WILLIAMS, C.—This case is an appeal from the circuit court of Jackson county, Missouri. It is an action at law for damages against a Notary Public and surety upon the bond. The Missouri Abstract & Guaranty Company is the plaintiff. Raymond L. Comstock is the Notary Public and the Globe Indemnity Company is the surety on the bond. It is alleged that Comstock certified as a Notary Public, that one Luther Potts appeared before him and acknowledged a certain deed of trust; that in truth and in fact the certificate of acknowledgment was untrue and false, and that the said Luther Potts did not appear before the said Comstock as notary public and did not acknowledge the deed of trust.

It is further alleged that the said Luther Potts was unknown to the Notary Public, Raymond L. Comstock, although the acknowledgment recited Potts was personally known to Comstock; that the deed of trust certified by the Notary purported to be secured by real estate in Kansas City, Missouri, and said deed of trust secured a note for $1250; that Ira A. Gaston Realty Company paid $1250 for the note; that the plaintiff, **being engaged in** the business of guaranteeing titles to real estate and the validity of deeds of trust and

mortgages, relied upon the truth of the certificate of acknowledgment made by Comstock and so relying, issued to Ira A. Gaston Realty Company a certificate of guaranty, guaranteeing that said deed of trust was the first valid and subsisting lien upon the real estate described; that thereafter the Ira A. Gaston Realty Company, or its assignee, discovered that the acknowledgment was false, and that Potts did not sign the deed of trust, and, therefore, the deed of trust was not a valid lien upon the real estate; that Ira A. Gaston Realty Company or its assignee, made a demand under the contract of guarantee, and that the Missouri Abstract & Guaranty Company paid the Ira A. Gaston Realty Company, or its assignee, $1250 and discharged its obligation under said guarantee; that it took an assignment of said note by endorsement, and under and by virtue of the guarantee agreement the Missouri Abstract & Guaranty Company became subrogated to all the rights of the Ira A. Gaston Realty Company or its assignees in the premises.

The answer of Raymond L. Comstock was a general denial. The separate answer of the Globe Indemnity Company was a general denial.

The evidence showed that in December, 1923, one Lasister came to one Ira A. Gaston and represented that he was in the real estate business in partnership with Luther Potts; that Luther Potts owned certain real estate and they desired a loan of $1250 on this property. Lasister brought the abstract together with a preliminary opinion on the title guaranty policy. These were shown to Gaston. Gaston drew a deed of trust and note for $1250 and delivered them to Lasister who was to have Potts sign them. These papers were returned signed and acknowledged before appellant Comstock as notary public. A title guaranty policy was secured on these papers. Gaston paid out $1144.99 in two checks to pay for this note and Deed of Trust, the difference being represented by certain expenses and commission. The payments were made to Lasister by checks drawn to the order of Luther Potts. The checks purported to have been endorsed by Potts. The endorsements on the checks were guaranteed by the Swope Park Bank and by the Commerce Trust Company by the customary stamp on the back thereof. These checks were paid by the Westport Avenue Bank and charged to the account of Gaston. Luther Potts testified he did not sign the endorsements on the back of the checks, never had seen the checks until July, 1925, and did not receive any of the proceeds.

Gaston sold the note and mortgage to one Jarvis and delivered the title policy to him, duly assigned in blank by the relator, a week or ten days after the loan was made.

It appears that Luther Potts did not execute the deed of trust or the notes in question; that he had never met Comstock in his life.

The fraud was discovered approximately a year later. At that time Jarvis, the then owner of the note, accompanied by Gaston, made demand upon the relator for $1250 under the policy of title insurance. The relator made investigation, became convinced that the note and deed of trust were forgeries, and thereupon paid Jarvis the sum of $1250. Relator then brought suit against the notary, Comstock, and the surety on his notarial bond, the Globe Indemnity Company, for the amount which it had paid out and interest. A witness for defendant testified to the effect that the relator relied upon the truth of the acknowledgment when it issued its policy of title insurance.

At the close of the case an instruction in the nature of a demurrer to the evidence was asked by defendants, which was refused.

The case was submitted to the jury and a verdict rendered for $1432.80 and judgment rendered thereon.

From this judgment defendants have, by appropriate steps, appealed to this court.

The policy of title insurance is as follows:

"Missouri Abstract and Guaranty Company . . . doth hereby guarantee Ira A. Gaston Realty Company . . . executors and administrators and all persons to whom said indebtedness may be assigned, from all loss or damage not exceeding twelve hundred and fifty dollars, which the said party guaranteed, may sustain by reason of defects in the title of the said Luther Potts, as set forth in said Schedule A, to the real estate or interest therein, described in said Schedule A, or by reason of liens or incumbrances and other matters as are set forth in Schedule B, hereto annexed, subject to the conditions and stipulations hereto annexed and made a part of this policy."

Underneath the description of the deed of trust were these words:

"The foregoing deed of trust is a valid and subsisting lien on the property above described, subject only to the exceptions noted in Schedule B hereto attached."

There was no mortgage or deed of trust exception in Schedule B.

The payment by the Westport Avenue Bank of the checks drawn by Ira A. Gaston, payable to Luther Potts and the endorsements on which were forged, was the cause, if any, of the damage to the plaintiff. This, we think, was not covered by the policy of insurance as the policy guarantees against "defects in the title of the said Luther Potts." The endorsements on the checks to Luther Potts were guaranteed by the Swope Park State Bank and by the Commerce Trust Company. The Westport Avenue Bank had no right to charge these checks to the account of Gaston. A bank has no right to charge to the account of its depositor money paid on forged endorsements. As

is stated in the case of Union Biscuit Company v. Springfield Grocer Company, 143 Mo. App. 300, l. c. 307:.

"To all intents and purposes, in law, the money of the defendant is still in the hands of the National Exchange Bank. The draft, never having been paid to the real indorsee, the plaintiff, but to a stranger whose name was forged as indorsee, in law, the money represented by the draft is still in the hands of the National Exchange Bank and still the property of the defendant and subject to be appropriated by it."

To the same effect is Bank v. Bank, 109 Mo. App. 665, and McCornack v. Central State Bank, 211 N. W. 542.

It follows, therefore, that Gaston suffered no loss as the money of Gaston is still in the Westport Avenue Bank. [Union Biscuit Company v. Springfield Grocer Company, supra.]

We think the case of Hatton v. Holmes, 31 Pac. 1131, is directly in point.

Respondent contends that it sues on its own direct cause of action against appellants and not upon the theory of subrogation. The instructions so show. However, this does not answer the proposition that as Gaston's money is still in the bank, in the eyes of the law he has suffered no damage, and, of course, if Gaston has suffered no damage, then the relators, even though it sues in its own right, cannot have suffered damages.

It is next urged that a notary must know, at his peril, that the grantor is the man he certifies him to be. We concede that this proposition is well supported by authority. [State ex rel. v. Ogden & Surety Co., 187 Mo. App. 39; State ex rel. v. Hallen, 165 Mo. App. 422.]

That, however, does not reach the very root of this case, to-wit, the question of damages.

What we have said in regard to the policy of title insurance answers the third point.

It is contended by respondent that the recovery by relator cannot be denied simply because Gaston may have a cause of action upon the forged checks. If we follow the rule laid down in Union Biscuit Company v. Springfield Grocer Company, supra, we must hold that as the money is in the bank there has been no damage proven.

We think the court erred in failing to instruct the jury to return a verdict for the defendants.

The judgment is reversed and the cause remanded. *Frank, C.,* concurs.

PER CURIAM:—The foregoing opinion by WILLIAMS, C., is adopted as the opinion of the Court. *Bland* and *Arnold, JJ.,* concur; *Trimble, P. J.,* absent.