[Civ. No. 9132. First Appellate District, Division Two.—October 10, 1934.]

CALIFORNIA PACIFIC TITLE & TRUST COMPANY (a Corporation), Respondent, v. J. J. MacARTHUR et al., Defendants; COLUMBIA CASUALTY COMPANY (a Corporation), Appellant.

Redman, Alexander & Bacon and Herbert Chamberlin for Appellant.

Henry E. Monroe and Robert A. Woodyard for Respondent.

STURTEVANT, J.—The appeal is by the defendant Columbia Casualty Company, a corporation, from a judgment for $2,687.34 in an action upon the official bond of a notary public.

The complaint contained two causes of action involving separate transactions and was directed against J. J. MacArthur, a notary public in and for the county of Marin, and the Columbia Casualty Company, the surety on his official bond.

In the first cause of action it was alleged that the Bank of America (formerly the Bank of Italy) loaned the sum of $2,000 upon a promissory note secured by a deed of trust purporting to be executed by one Margaret Ashton Kerrell and that the plaintiff, at the request of the bank, issued its title policy insuring the validity of this deed of trust. It was further alleged that the note and deed of trust were forgeries; that as a result thereof the bank lost the sum of $1837.17; and that upon demand the title company, pursuant to its title policy, paid the bank the said sum of $1837.17. Plaintiff sought damages in the said sum and alleged that the same was caused by the official misconduct or neglect of the notary in making a false certificate of acknowledgment to the said deed of trust.

In the second cause of action a similar transaction was alleged with reference to a promissory note in the sum of $1,000 secured by a deed of trust purporting to be executed by Adolph N. Schopke and C. Burke. It was similarly alleged that these documents were forgeries, that the deed of trust bore a similarly false certificate of acknowledgment by the notary, and that the validity of the deed of trust was similarly insured by the plaintiff title company. Damage in the sum of $850.17 was claimed in this transaction.

Copies of the respective notes and deeds of trust were attached to the complaint by way of exhibits, and by amendment to the complaint copies of the respective title policies were attached as exhibits.

The defendant MacArthur was not served with summons and did not appear in the action, which proceeded to trial solely against the defendant surety. In its answer that defendant put in issue the allegations of the complaint respecting misconduct or neglect of the notary, proximate

cause and losses, and affirmatively alleged that negligence of the bank and the title company had proximately contributed to the loss and injury asserted in each transaction.

The findings of the court were brief and general and in favor of the allegations of the complaint, and upon these findings the court entered judgment for the sum of $2,687.34 as prayed for in the complaint. Following the denial of its motion for new trial the defendant duly filed its notice of appeal.

The plaintiff alleged and the trial court found that the trust deeds were sent to MacArthur as notary public for him to attach certificates of acknowledgment; that he attached the certificates and that the bank relied thereon. The plaintiff alleged and the trial court found that the plaintiff examined the deeds of trust and the certificates of acknowledgment, and having no knowledge of any facts to the contrary, it relied on said certificates.

The defendant quotes from the reporter's transcript the following: ''The notary, MacArthur, who had been a friend and customer of the Mill Valley Branch of the bank for several years, availed himself of that relationship and devised a scheme to defraud the bank. In pursuance of that scheme he represented himself as agent for the respective borrowers and made applications to the bank for the respective loans. When the loans were accepted he forged the signatures of the purported borrowers to the respective notes and deeds of trust, attached false certificates of acknowledgment to the deeds of trust, procured the checks issued by the bank for the proceeds of the loans, forged the indorsements of the payees thereon, and obtained the proceeds of the loans for himself. It is conceded that the title company issued its title policies insuring the validity of each deed of trust, and that it responded to the demand of the bank and paid the amount claimed as a loss in each transaction.'' It then makes one point. The judgment lacks evidentiary support for the reason that the evidence does not establish that any official misconduct or neglect of the notary was the proximate cause of the losses asserted by plaintiff. That point it subdivided into two. (1) The official misconduct of Notary MacArthur in making false certificates of acknowledgment was not the proximate cause of the losses claimed by the bank; and (2) the losses

paid by plaintiff to the insured, the bank, were not within the terms of its title policy. In support of its first contention the defendant asserts that the bank's loss arose not because of the false certificates of acknowledgment, but by reason of its paying the checks the indorsements on which were forged. It claims that a purported payment on a forged check is, in law, no payment, and that the law will consider the moneys as still in the bank. (*Ryan* v. *Bank of Italy Nat. T. & S. Assn.*, 106 Cal. App. 690 [289 Pac. 863].) Continuing, it claims that the principle just stated would have applied with full force in the instant case if the bank had brought the suit. (*Hatton* v. *Holmes*, 97 Cal. 208 [31 Pac. 1131]; *American Surety Co. of New York* v. *First Nat. Bank*, 203 Ala. 179 [82 So. 429]; *State* v. *Globe Indemnity Co.*, 222 Mo. App. 918 [9 S. W. (2d) 668]; *Howcott* v. *Talen*, 133 La. 845 [63 So. 376, 49 L. R. A. (N. S.) 45], and extended note.) Thereupon it makes the further claim that the plaintiff stands in no better position than its insured bank. If the real estate dealer had made a forged check and if the bank had cashed such forged check the reasoning of the defendant would find support in the authorities cited. But he did not do so. The check involved was the check of the bank's cashier. That fact is quite material. When the deeds of trust, having attached thereto the false certificates, were presented to the bank, it is not claimed that it had any knowledge putting it on notice of the fact that the signatures to the deeds of trust were forgeries. Therefore it had a right to rely on the certificates and act thereon. (*Joost* v. *Craig*, 131 Cal. 504, 507 [63 Pac. 840, 82 Am. St. Rep. 374].) It did so, and issued its checks payable to the record owner. Thereafter said checks were returned and presented for payment. They were indorsed by the same hand that had signed the deeds of trust and to which the false certificates were attached. The original wrongful cause which the forger had started continued and was not broken by any intervening cause of any kind or nature. The bank, therefore, had the right to pay said checks. Having been defrauded it had the right to sue. As it had the right to sue, no reason appears on the face of the record why this plaintiff, the bank's insurer, did not have the right to sue.

The second subdivision of the point made by the defendant seems to be disposed of by what we have said above. ▮ ▪It remains to consider the terms of the policy which the plaintiff had issued. The policy provided, among other things:

"This policy shall and does expressly insure any insured, mortgagee, trustee, or beneficiary against any defect or invalidity, existing at the time of the record thereof, in any mortgage or deed of trust to which said property is subject as herein set forth, in which said insured shall have an interest."

In contending that the policy did not cover the plaintiff's loss the defendants assert that, "The loss suffered by the bank in each instance did not result from any defect or invalidity in the particular deed of trust, but because the bank was negligent in cashing checks on forged instruments." We have shown above such was not the fact. The defendant cites and relies on *State* v. *Globe Indemnity Co.*, 222 Mo. App. 918 [9 S. W. (2d) 668, 669]. It is not helpful. It involved a forged check issued by the vendee and not a valid check issued by the lender. That the distinction was material in the mind of the court rendering the decision appears from another case decided in the same jurisdiction involving other acts of the same wrongdoer. (*State* v. *Globe Indemnity Co.*, 222 Mo. App. 153 [2 S. W. (2d) 815].)

We find no error in the record. The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 28, 1934.