Filed 5/18/26  Dumas v. Dumas CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| JOHNNY DUMAS, | D086074 |
| Appellant, | |
| v. | (Super. Ct. No. 25FDV00 |
| CARI ANN NASSEN DUMAS, | |
| Respondent. | |

APPEAL from an order of the Superior Court of San Diego County, Rebecca F. Zipp, Judge.  Affirmed.

Johnny Dumas, in pro. per., for Appellant.

Cari Ann Nassen Dumas, in pro. per., for Respondent.

Johnny Dumas appeals the domestic violence restraining order (DVRO) the family court issued against him at the request of Cari Ann Nassen Dumas.  He raises several claims of error but provides no record adequate for us to review any of them.  We therefore must affirm the DVRO.

BACKGROUND

Johnny and Cari are the parents of a 14-year-old child. Each filed in the family court a request for a DVRO against the other. The court held a hearing at which the parties and two nonparty witnesses testified and a video was played that showed Johnny "body checking" Cari. The court denied Johhny's DVRO request and granted Cari's. It issued the standard no-abuse, no-contact, and stay-away orders; awarded Cari sole physical custody of the child; and granted Johnny visitation between noon and 4:00 p.m. on Saturdays and Sundays.

DISCUSSION

Johnny raises six claims of error: (1) the family court's "denial of discovery of the child's therapist's identity deprived [him] of due process"; (2) "the absence of a transcript and reliance on hearsay testimony deprived [him] of meaningful appellate review"; (3) the court's "reviewing key video evidence without sound denied [him] a fair hearing"; (4) "treating [him] as the [r]espondent constituted procedural error affecting fairness"; (5) "excluding documentary evidence offered by [him] deprived him of the right to present a defense"; and (6) the court's "vague and unenforceable visitation order, coupled with failure to enforce it, constituted abuse of discretion." Johnny asks us to reverse the DVRO; to restore his visitation and parental rights; to "[r]emand the matter with instructions for the [family] court to consider all evidence, enforce visitation orders, and facilitate family mediation as appropriate"; and to "[g]rant such other relief as this [c]ourt deems just and proper to protect [his] rights and ensure the well-being of his child."

We cannot address the merits of any of the asserted claims of error because Johnny has not provided us with a record adequate to do so. The

DVRO comes to this court with a presumption it is correct. (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133; *Ashby v. Ashby* (2021) 68 Cal.App.5th 491, 509.) To overcome that presumption, Johnny has the burden to provide this court with a record of the proceedings before the family court that is sufficient to show the court committed an error that would justify reversal of the DVRO. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295; *Campbell v. Walls* (1888) 77 Cal. 250, 253; *Gonzalez v. Rebollo* (2014) 226 Cal.App.4th 969, 976.) He has not sustained that burden.

The appendix Johnny provided contains argumentative statements about his first four claims of error, an unsigned "affidavit of Mary Randolph" containing argumentative assertions about her observations at the DVRO hearing, a copy of a receipt for clothing purchases, and six of the 15 pages of the DVRO he is challenging. The appendix does not contain the parties' DVRO requests, any discovery request by Johnny, or the minutes of the hearing on the DVRO requests. Johnny did not submit to this court the "key video" he says "was improperly considered" because the sound was not played. He has not provided a reporter's transcript of the hearing, apparently because no court reporter was present. Johnny asserts the family court failed to provide a transcript despite his requests, but the portion of the appendix he cites in support of the assertion contains no request for a court reporter. It contains only argument that the lack of a transcript "undermines [his] right to a fair trial and presents grounds for appeal." Johnny obtained a settled statement from the family court (Cal. Rules of Court, rule 8.137), but it is of little use to us. The court "d[id] not recall": (1) "the specifics of the testimony presented – other than what is noted in the court's minute order"; (2) "whether any exhibits were introduced or admitted"; or (3) "whether any exhibits were introduced but not admitted."

3

Johnny filed a motion to augment the record with what he claims are a declaration Cari filed, "the associated filing receipt," and two audiovisual recordings "submitted to and reviewed by the [family] court." The declaration is missing a page and bears no file stamp. The "associated filing receipt" is the same receipt for clothing purchases Johnny included in his appendix. The audiovisual recordings capture portions of what Johnny says was a "verbal dispute" between Cari and Mary Randolph in which his role "was limited to intervening and de-escalating the situation." We have no way to verify whether the recordings are authentic, were lodged or filed with the family court, or were considered by it. We therefore deny the motion to augment. (See Cal. Rules of Court, rule 8.155(a)(1)(A) [authorizing augmentation with "[a]ny document filed or lodged in the case in superior court"]; *Regents of University of California v. Sheily* (2004) 122 Cal.App.4th 824, 826–827, fn. 1 [denying motion to augment record with documents movant failed to show were lodged or filed with superior court]; *Kyle v. Carmon* (1999) 71 Cal.App.4th 901, 906, fn. 2 [denying motion to augment record with hearing transcript prepared by person not certified as court reporter].)

Without a record of the DVRO requests made, evidence offered, objections raised, arguments advanced, and rulings made at the evidentiary hearing, we cannot determine whether the court committed the errors of which Johnny complains. Where, as here, we have no minutes or reporter's transcript of the hearing and no error is evident on the face of the minimal record we do have, we presume the minutes or transcript would show there was no error. (*Shenefield v. Shenefield* (2022) 75 Cal.App.5th 619, 633 & fn. 12; *Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 186–187.) Johnny's failure to provide a record sufficient to support his claims of

4

error requires we reject the claims and affirm the challenged DVRO. (*Randall v. Mousseau* (2016) 2 Cal.App.5th 929, 935; *Roberts v. Home Ins. Indem. Co.* (1975) 48 Cal.App.3d 313, 316.)

## DISPOSITION

The DVRO is affirmed.  Respondent shall recover her costs on appeal.

RUBIN, J.

WE CONCUR:

McCONNELL, P. J.

KELETY, J.